Bing Zhang Ryan (Bar No.: 228641)
ZHANG LAW GROUP
16 Southwood Drive
Orinda, CA 94563
Telephone: (925) 257-3097
Email: bzhanglaw@gmail.com

*Attorney for Plaintiff Powerland Technology Inc.*

Keith A. Sipprelle (SBN 143358)
VAN ETTEN SIPPRELLE LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA
Telephone: (805) 719-4900
ksipprelle@vstriallaw.com

*Attorney for Defendant*
*Byton North America Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| POWERLAND TECHNOLOGY INC., a Chinese Corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>BYTON NORTH AMERICA CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 20-cv-05287-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 3, 2021<br>Time: 2:00 p.m.<br>Crtrm.: 8<br><br>**[Hon. Lucy H. Koh]** |

JOINT CASE MANAGEMENT STATEMENT

Plaintiff Powerland Technology Inc. ("Plaintiff") and Defendant Byton North America Corporation ("Defendant", together the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the *Standing Order for All Judges of the Northern District of California*, Civil Local Rule 16-9.

1. Jurisdiction & Service

This is an action for breach of contract, breach of implied covenant of good faith and fair dealing and unjust enrichment. The basis for subject matter jurisdiction in this case is proper diversity jurisdiction, as Plaintiff's claim exceeds $75,000 and the parties are not citizens of the same state. No other issues exist regarding jurisdiction or venue.

Plaintiff served a copy of the complaint and summons upon Defendant on August 24, 2020 and filed a proof of service on September 9, 2020 (ECF 8). On September 11, 2020, Defendant filed an answer to the complaint.

2. Facts

*Plaintiff's Statement:*

Plaintiff performed services and delivered products to Defendant from December 2018 to May 2019 pursuant to two purchase orders issued by Defendant. Defendant stopped making payments to Plaintiff and owed Plaintiff $616,412.00. Upon Plaintiff's repeated requests, Defendant refused to pay Plaintiff this outstanding balance. Plaintiff filed his Complaint on July 31, 2020. Plaintiff seeks compensatory damages, and/or restitutions according to the proof, in addition to reasonable attorney's fees and costs.

*Defendant's Statement*:

Defendant denies all material allegations of Plaintiff's Complaint and has asserted certain affirmative defenses. Defendant denies that it owes Plaintiff the sums claimed.

3. Legal Issues

*Plaintiff's Statement:*

The key legal issues concern the following subjects:

    A.  Whether Defendant breached a binding contract between Plaintiff and Defendant.

    B.  Whether Defendant breached implied covenant of good faith and fair dealing for the business transactions between the parties.

    C.  Whether Defendant was unjustly enriched by receiving the services and products provided by Plaintiff but failed to make the payment accordingly.

*Defendants' Statement:*

Defendant denies all material allegations of Plaintiff's Complaint, and has asserted certain affirmative defenses. Defendant denies that that it owes Plaintiff the sums claimed.

4. Motions

No motion is pending.

5. Amendment of Pleadings

Currently Plaintiff does not plan on amending the complaint. However, Plaintiff reserves right to amend the complaint if necessary.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Store Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable proportionate steps taken to preserve evidence relevant to the issues

reasonably evident in this action. Each party represents that it has endeavored to preserve information relevant to this action.

7. <u>Disclosures</u>

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on October 27, 2020.

8. <u>Discovery</u>

    **A.**    **Discovery to Date**

The parties have not served any discovery to date.

    **B.**    **Scope of Anticipated Discovery**

The parties intend to pursue discovery relating to the factual and legal issues raised by the pleadings. The parties intend to pursue further discovery in the form of requests for production of documents and things, requests for admission, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules, including discovery on non-parties. The parties do not anticipate that any deviation from the normal discovery limits will be necessary; however, the parties reserve all rights to seek modifications of the limits discussed below and agree to confer in good faith if a need arises for additional discovery or modifications of discovery limits.

Pursuant to *Federal Rules of Civil Procedure* 5(b)(2)(E), the parties agree to serve all discovery requests and responses, as well as all document productions, electronically to the parties' respective counsel of record at their current email addresses (as indicated on the caption page of this document). Service of any such electronically-served discovery document is deemed complete upon sending as long as the sender has sent the documents to the email addresses as listed on the caption page and to other email addresses the sender has knowledge of and that has not received any automatic notification indicating that the other side did not receive the email service.

### C.     Changes to Discovery Limitations

The presumptive limits on discovery provided by the Federal Rules on Civil Procedure and this Court's Local Rules and Standing Orders shall apply.

9. Class Action

This matter is not a class action.

10. Related Cases

There are no related cases or proceedings.

11. Relief

*Plaintiff's Statement:*

Plaintiff seeks the relief prayed for in its Complaint, including: (1) compensatory damages of $616,412.00 and legally allowable pre-judgment interest relating to this amount; (2) reasonable attorney's fees and costs of suit; and (3) other and further relief as the Court may deem proper.

*Defendant's Statement:*

Defendant disputes the amounts claimed by Plaintiff and the manner in which Plaintiff has calculated its purported damages.

12. Settlement and ADR

The parties are actively discussing potential ADR options but have not agreed to a specific ADR forum.

13. Decline Magistrate Judge Jurisdiction

The parties have declined to proceed before a magistrate judge for all purposes.

14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

    The parties are not aware of any issues that can be narrowed by agreement or by motion at this early stage of the case. It is also premature for the parties to discuss how to expedite the presentation of evidence at trial, or whether bifurcation of issues, claims, or defenses is appropriate.

16. <u>Expedited Trial Procedure</u>

    The parties do not propose that this case proceed under expedited trial procedure.

17. <u>Scheduling</u>

    The Court established a schedule in its Case Management Order dated October 29, 2020. (ECF 21).

18. <u>Disclosure of Non-party Interested Entities or Persons</u>

    Plaintiff filed its Certificate of Interested Entities or Persons on September 15, 2020 (ECF 10). Defendant filed its Certificate of Interested Entities or Persons on October 11, 2020 (ECF 17).

20. <u>Professional Conduct</u>

    All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

    At present, the parties do not have any additional matters to present to the Court.

DATED: January 28, 2021                  ZHANG LAW GROUP

                                                /s/ Bing Zhang Ryan
                                      Bing Zhang Ryan (Bar No.: 228641)
                                      16 Southwood Drive
                                      Orinda, CA  94563
                                      Telephone: (925) 257-3097
                                      Email: bzhanglaw@gmail.com
                                      *Attorney for Plaintiff Powerland Technology Inc.*

DATED: January 28, 2021

/s/ Keith A. Sipprelle
Keith A. Sipprelle (SBN 143358)
VAN ETTEN SIPPRELLE LLP
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 719-4900
Facsimile: (805) 719-4950
ksipprelle@vstriallaw.com

*Attorney for Defendant Byton North America Corporation*